UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO DISENA,

    Plaintiff,

v.                                                Case No. 15-12566

TS EMPLOYMENT INC,

    Defendant.
                                           /

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)**

On July 20, 2015, Plaintiff Angelo DiSena initiated this *pro se* Title VII action seeking damages against TS Employment Inc. for sex-based discrimination. The instant action was apparently filed after this court dismissed without prejudice a nearly identical, earlier filed action for failure to state a claim upon which relief could be granted. (*See* Dkt. # 1; *DiSena v. TS Emp't, Inc.*, No. 15-11387, Dkt. # 5 (E.D. Mich. June 6, 2015).) On July 20, 2015, Plaintiff also filed an application to proceed *in forma pauperis*, which the court will grant. *See* 28 U.S.C. § 1915(a)(1). However, the court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff has also filed a "Motion to Keep Case Open for Trial" (Dkt. # 6), which, having decided the case should be dismissed, the court will deny as moot.

**I. STANDARD**

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to dismiss complaints that are frivolous or malicious,

that fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Supreme Court has interpreted the term "frivolous," with respect to a complaint, to embrace "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Id.*; *see also Brown*, 207 F.3d at 866.

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), by "stat[ing] a claim to relief that is plausible on its face," *id.* at 570. A claim is facially plausible when the plaintiff pleads facts "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than showing only "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Dismissal of a complaint under § 1915(e)(2) for failure to state a claim on which relief may be granted "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867.

## II.  DISCUSSION

Plaintiff's complaint must be dismissed under §1915(e) because this second action is untimely. Title VII requires that an action in federal court be filed within ninety days of receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See Tate v. United Servs. Assocs., Inc.*, 75 F. App'x 470, 471

(6th Cir. 2003). Plaintiff received his right-to-sue letter from the EEOC on January 22, 2015. (Dkt. # 1, Pg. ID 2.) This action was filed on July 20, 2015, well over ninety days after he received the letter. (Dkt. #1.) Plaintiff appears to understand that this action is untimely; in his fill-in-the-blank Title VII complaint, he did not check a box indicating whether he did or did not file within the ninety-day period. (*See* Dkt. # 2, Pg. ID 2.)

Additionally, the filing of the earlier complaint, which was dismissed without prejudice, does not toll the ninety-day period. *Tate*, 75 F. App'x at 471 (citing *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987)). This rule is based on the general proposition that "dismissals without prejudice operate to leave the parties as if no action had ever been commenced. . . . If the period of limitations has run by the point of such a dismissal, any new action is generally untimely." *Wilson*, 815 F.2d at 28. (quoting *Harris v. City of Canton, Ohio*, 725 F.2d 371, 376-77 (6th Cir. 1984)). Even if the ninety-day period were tolled, this second action would nonetheless be untimely because adding the days before the filing of his first action and the days between the dismissal without prejudice and the filing of this second action, the period still exceeds ninety days.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (Dkt. # 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (Dkt. # 1) is DISMISSED pursuant to 42 U.S.C. § 1915(e)(2).  Plaintiff's "Motion to Keep Case Open for Trial" (Dkt. # 6) is DENIED AS MOOT.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  August 12, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 12, 2016, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522